UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                              01-CR-6051T

              v.                              **ORDER**

GREGORY GRAVES,

                   Defendant.
_____

     By motion dated March 2, 2007, defendant Gregory Graves moves

pursuant to Rule 60(b) of the Federal Rules of Civil Procedure for

reconsideration of this Court's July 26, 2006, Decision and Order

denying his petition for a writ of habeas corpus.

     Rule 60(b) of the Federal Rules of Civil Procedure provides in

relevant part that a court may relieve a party from a final

judgment, order, or proceeding for any of the following reasons:

>          (1) mistake, inadvertence, surprise, or
>     excusable neglect; (2) newly discovered
>     evidence which by due diligence could not have
>     been discovered in time to move for a new
>     trial under Rule 59(b); (3) fraud (whether
>     heretofore    denominated    intrinsic    or
>     extrinsic), misrepresentation, or other
>     misconduct of an adverse party; (4) the
>     judgment is void; (5) the judgment has been
>     satisfied, released, or discharged, or a prior
>     judgment upon which it is based has been
>     reversed or otherwise vacated, or it is no
>     longer equitable that the judgment should have
>     prospective application; or (6) any other
>     reason justifying relief from the operation of
>     the judgment.

Fed. R. Civ. P. 60(b).

Case 6:01-cr-06051-MAT   Document 42   Filed 05/16/07   Page 2 of 2

A motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is addressed to the "sound discretion of the district court and . . . [is] generally granted only upon the showing of <u>exceptional</u> circumstances." <u>Mendell v. Gollust</u>, 909 F.2d 724, 731 (2d Cir. 1990) (emphasis added), <u>aff'd</u>, 501 U.S. 115 (1991).  "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." <u>Shrader v. CSX Transportation, Inc.</u>, 70 F.3d 255 (2d Cir. 1995).

I find that the defendant has failed to demonstrate the existence of exceptional circumstances warranting reconsideration, or controlling decisions or data that would alter the conclusions reached in my July 26, 2006 Decision and Order.  Accordingly, I deny defendant's motion for reconsideration.


        ALL OF THE ABOVE IS SO ORDERED.


                              S/ Michael A. Telesca
                         _____
                              MICHAEL A. TELESCA
                         United States District Judge

Dated:     Rochester, New York
           May 16, 2007